**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 21 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> NOLAN JEROME-EDWARD MCDERMOTT, <br><br> Defendant - Appellant. | No. 13-10467 <br><br> D.C. No. 4:12-cr-01796-CKJ-1 <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Argued and Submitted December 11, 2014
San Francisco, California

Before: TASHIMA and PAEZ, Circuit Judges, and BLOCK, Senior District Judge.[**]

Nolan McDermott appeals his misdemeanor conviction for possession of a controlled substance, marijuana, on public lands without a permit or other

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Frederic Block, Senior District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

authorization, in violation of 43 C.F.R. § 8365.1-4(b)(2). McDermott argues that the district court erred when it reversed the magistrate judge's pre-trial order suppressing certain inculpatory statements and physical evidence. Specifically, McDermott argues that the district court (1) applied a de novo standard of review to the magistrate judge's findings of fact when it should have reviewed for clear error; (2) erroneously concluded that McDermott was not in custody for *Miranda*[1] purposes; and (3) failed to instruct the magistrate judge to rule on McDermott's motion to suppress physical evidence under the Fourth Amendment. We have jurisdiction under 28 U.S.C. § 1291, and we reverse.

**1.** The district court improperly engaged in de novo review of the magistrate judge's findings of fact. When a defendant consents to trial on a misdemeanor charge before a magistrate judge, a district court has appellate jurisdiction of the magistrate judge's rulings. Fed. R. Crim. P. 58(g)(2)(A). It reviews de novo a magistrate judge's legal conclusions and reviews any underlying factual findings for clear error. *Quinn v. Robinson*, 783 F.2d 776, 791 (9th Cir. 1986); Fed. R. Crim. P. 58(g)(2)(D).

Here, McDermott formally consented to being tried before a magistrate judge prior to his suppression hearing. The government filed an appeal from the

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

magistrate judge's suppression order with the district court pursuant to Rule 58. Despite the district court's recitation of the correct standard of review, it impermissibly rendered its own factual findings. Notably, the district court found that the encounter between McDermott and Livingston was "not initiated by language summoning McDermott," which contradicted the magistrate judge's finding that the encounter began when Livingston "instructed Defendant to walk toward him." The district court also changed the magistrate judge's findings of fact when it stated that Livingston "asked," rather than "told," McDermott to lift his hands up so he could remove McDermott's gun. Absent a finding of clear error, the district court's factual findings amounted to improper de novo review.

**2.** The district court erred in concluding that McDermott was not in custody during his encounter with Ranger Livingston. We review de novo the district court's determination that a defendant was in custody for purposes of *Miranda* and review the underlying factual findings for clear error. *United States v. Kim*, 292 F.3d 969, 973 (9th Cir. 2002).

A defendant is in custody if, given the totality of the circumstances, a "reasonable person in these circumstances would have felt he or she was not at liberty to terminate the interrogation and leave." *United States v. Craighead*, 539 F.3d 1073, 1082 (9th Cir. 2008) (internal quotation marks omitted). Taking the

3

facts as found by the magistrate judge, and considering all of the circumstances, defendant was in custody for *Miranda* purposes when Livingston confronted McDermott with evidence of guilt and restrained him with threats that he might "'go further and look for more,' or tear up the vehicle or call for a canine to assist." The district court erroneously reversed the magistrate judge's order suppressing statements resulting from the custodial interrogation.

3. However, physical evidence of McDermott's marijuana possession should not have been suppressed as a result of the *Miranda* violation. *See United States v. Patane*, 542 U.S. 630, 633-34 (2004) (holding that a failure to give a suspect *Miranda* warnings does not require "suppression of the physical fruits of the suspect's unwarned but voluntary statements"). McDermott moved to suppress this evidence as the fruit of an unlawful search under the Fourth Amendment, but the magistrate judge did not reach the issue in her suppression order. Both parties also raised the Fourth Amendment issue with the district court on appeal. However, the district court did not address it.

Because McDermott's Fourth Amendment argument was an independent ground for suppressing physical evidence, and because it was properly raised in the briefs to the district court, that court should have instructed the magistrate judge to consider McDermott's argument that the physical evidence was obtained as the

fruit of an unlawful search under the Fourth Amendment before proceeding to trial. *See United States v. Armenta*, 69 F.3d 304, 309 (9th Cir. 1995).

Accordingly, McDermott's sentence is vacated, and the district court's order reversing the magistrate judge's suppression order is reversed. The district court is instructed to remand the case to the magistrate judge for proceedings consistent with this disposition. *See United States v. McKittrick*, 142 F.3d 1170, 1178 (9th Cir. 1998). We need not address McDermott's remaining arguments.

**REVERSED AND REMANDED.**